UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK GUILLORY (#587254)                         CIVIL ACTION

VERSUS

MSGT. BOBBY EARL, ET AL.                           NO. 13-0675-SDD-RLB

ORDER

This matter comes before the Court on the Plaintiff's *Motion for Temporary Restraining Order.*[1]

The *pro se* Plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Msgt. Bobby Earl, Msgt. Angela Webb, and Lt. Melvin McDowell, complaining that his constitutional rights were violated on October 17, 2012, when a co-inmate was allowed out of his cell and caused the Plaintiff injury and when appropriate medical attention was denied thereafter.

In the instant Motion, the Plaintiff now complains of alleged acts of retaliation and harassment that he has experienced since the filing of the instant lawsuit. This retaliatory conduct has allegedly included unjustified searches, verbal threats and harassment, false disciplinary charges, and the falsification of documents. The Plaintiff does not pray for any specific injunctive relief in the instant Motion.

---

[1] Rec. Doc. 8.

The Plaintiff is not entitled to the relief requested. In order to obtain injunctive relief, the Plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the Plaintiff is entitled to the relief requested. His allegations are conclusory, and he has not alleged that he has suffered any injury in fact as a result of the actions complained of. In addition, allegations of mere verbal abuse and harassment do not present claims of constitutional dimension under § 1983, *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983); nor do claims of the mere issuance of falsified disciplinary charges, *Harris v. Smith*, 482 Fed. Appx. 929 (5th Cir. 2012), citing *Collins v. King*, 743 F.2d 248, 253 (5th Cir. 1984); and it is recognized that inmates possess only a limited privacy interest in the avoidance of searches in the prison context, *see Hudon v. Palmer*, 468 U.S. 517, 530 (1984). Accordingly, on the record before the Court, the Plaintiff has not made out a showing of entitlement to injunctive relief.

**IT IS ORDERED** that the Plaintiff's *Motion for Temporary Restraining Order*[2] be and is hereby **DENIED**.

Baton Rouge, Louisiana the 24 day of April, 2013.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] Rec. Doc. 8.